UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CAPARCO AND PATRICIA CAPARCO, Plaintiffs, | : | |
| v. | : | C.A. NO. CA 08 50S |
| MOMENTUM TRANSPORT AND MAV TRANSPORT, Defendants. | : | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Momentum Transport ("Momentum") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court, County of Providence, State of Rhode Island, to the United States District Court for the District of Rhode Island and respectfully states to this Court the following:

1. This case involves allegations relating to a motor vehicle accident that occurred while a 2003 SRT-10 Dodge Viper (the "Viper") was being transported from Rhode Island to Texas.

2. Plaintiffs Michael Caparco and Patricia Caparco (jointly, the "Caparcos" or "Plaintiffs"), seek monetary damages for injuries to the Viper allegedly resulting from the purported motor vehicle accident. Plaintiffs assert state law claims of breach of contract and negligence against Momentum and MAV Transport ("MAV"). Plaintiffs do not state a monetary demand in the Complaint or otherwise plead sufficiently for Momentum to ascertain the amount in controversy from the face of the Complaint.

3. The case is currently pending in the Superior Court, County of Providence, State of Rhode Island, as C.A. No. 07-3452. Plaintiffs recently obtained a default judgment against MAV, which exceeds $75,000.00.

4. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Momentum has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## A. MOMENTUM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Momentum was served with a copy of Plaintiffs' Complaint on or about July 13, 2007. The Complaint alleges state law causes of action sounding in breach of contract and negligence. The Complaint does not state a monetary demand, and the amount is not otherwise ascertainable from the face of the Complaint. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Momentum are attached hereto (attached as Exhibit A).

6. On January 17, 2008, the Superior Court (Savage, J.) entered judgment by default against MAV on Counts III and IV of the Complaint in the amount of $225,250.00. This is the first instance Momentum could ascertain that this action is removable because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship and the amount controversy exceeds $75,000.00.

7. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) (requiring filing of removal notice within 30 days of service of receipt by defendant of, *inter alia*, an order from which it may be first ascertained that the case is removable). *See also Smith v. Executive Fund Life Ins. Co.*, 651 F. Supp. 269, 270 (M.D. La. 1986) (Thirty-day period begins to run when defendant can "reasonably and intelligently" conclude that the jurisdictional amount in controversy has been exceeded).

8. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 120 (defining judicial district of Rhode Island).

9. No previous application has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served on counsel for Plaintiffs, and a copy is being filed with the Clerk for the Superior Court, Providence County.

## B. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

12. There is complete diversity between Plaintiffs and Defendants. Plaintiffs allege in their Complaint that they are residents of the City of Cranston, Providence County, Rhode Island. *See* Complaint, ¶¶ 1-2. Accordingly, on information and belief, plaintiff is domiciled in, and therefore a citizen of, Rhode Island. *See* 28 U.S.C. § 1332(a); *see also Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 49 (1st Cir. 1992) (stating that "[f]or purposes of diversity, a person is a citizen of the state in which he is domiciled").

13. Momentum is, and was at the time Plaintiffs commenced this action, a limited partnership organized under the laws of the State of Texas with its principal place of business at 12335 King's Ride, #217, Houston, Texas, and, therefore, is a citizen of Texas for purposes of determining diversity.

14. Upon information and belief, MAV is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Texas with its principal place of business in Texas, and, therefore, is a citizen of Texas for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

15. The amount in controversy requirement is also satisfied. *See* 28 U.S.C. § 1332(a) (exceeding $75,000, exclusive of costs and interest). The Complaint seeks an unspecified amount of damages. Plaintiffs, however, obtained a default judgment against MAV on January 17, 2008, for breach of contract and negligence in the amount of $225,250, exclusive of costs and interest, from which Momentum was first able to ascertain that the action is removable.

WHEREFORE, defendant Momentum hereby removes this action from the Superior Court, County of Providence, State of Rhode Island, pursuant to 28 U.S.C. § 1441.

MOMENTUM TRANSPORT
By its Attorneys,

Robert M. Duffy, Esq. (#4428)
Byron L. McMasters, Esq. (#7754)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Telephone)
(401) 455-0701 (Facsimile)
rduffy@duffysweeney.com
bmcmasters@duffysweeney.com

Dated: February 14, 2008

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Filing of Notice of Removal was sent by first class mail, postage prepaid, on this 14th day of February, 2008 to:

Girard R. Visconti, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

Linda A. Spivak

H:\Clients\Momentum Transport\Caparco\Pleadings\USDC RI\Notice of Removal.doc