STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

MICHAEL CAPARCO AND
PATRICIA CAPARCO

V.

MOMENTUM TRANSPORT AND
MAV TRANSPORT

C.A. No. 07 3452

# COMPLAINT

## PARTIES

1. Plaintiff, Michael Caparco, is a resident of the City of Cranston, County of Providence, State of Rhode Island.

2. Plaintiff, Patricia Caparco, is a resident of the City of Cranston, County of Providence, State of Rhode Island.

3. At all times relevant hereto, plaintiff, Michael Caparco, and plaintiff, Patricia Caparco, were husband and wife.

4. Defendant, Momentum Transport, to the best knowledge and belief of plaintiffs, is a Texas corporation with a principal place of business at 12335 King's Ride, # 217, City of Houston, State of Texas.

5. Defendant, Monument Transport, has done and is doing business in the State of Rhode Island, and, as such, this Honorable Court has jurisdiction over the said defendant pursuant to §9-5-33(a) of the Rhode Island General Laws.

6. Defendant, MAV Transport, to the best knowledge and belief of plaintiffs, is a Texas corporation with a principal place of business at 509 S.E. County Road 3015, City of Corsicana, State of Texas.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2007 JUL -9 P 1: 35

7. Defendant, MAV Transport, has done and is doing business in the State of Rhode Island, and, as such, this Honorable Court has jurisdiction over the said defendant pursuant to §9-5-33(a) of the Rhode Island General Laws.

## FACTS

8. At all times relevant hereto, Patricia Caparco was and is the rightful and lawful owner of a 2003 SRT-10 Dodge Viper.

9. At all times relevant hereto, the plaintiffs housed the said 2003 Dodge Viper at their residence in the City of Cranston, State of Rhode Island.

10. In or about March of 2007, plaintiffs arranged to transport said 2003 SRT-10 Dodge Viper from Cranston, Rhode Island to Texas in order to present said 2003 SRT-10 Dodge Viper at a car show.

11. Upon information and belief, the defendant, Momentum Transport, was retained in order to facilitate said transport.

12. Upon information and belief, the defendant, MAV Transport, subsequently subcontracted with Momentum Transport in order to facilitate said transport.

13. On or about March 23, 2007, while in the care and custody of MAV Transport, the said 2003 SRT-10 Dodge Viper was involved in a motor vehicle accident in which said 2003 SRT-10 Dodge Viper was totaled.

## COUNT I

**(Breach of Contract vs. Momentum Transport)**

14. Plaintiffs hereby incorporate and re-allege paragraphs 1 through 13 as if fully

set forth herein.

15. Defendant, Momentum Transport, contracted to transport said 2003 SRT-10 Dodge Vipor.

16. Defendant, Momentum Transport, breached its contract, and as a result, plaintiffs have sustained substantial damages in connection with the repair and replacement of the 2003 SRT-10 Dodge Viper.

WHEREFORE, plaintiffs demand judgment against defendant, Momentum Transport, for a sum certain to give sufficient jurisdiction to this court, plus attorney's fees, interest and costs.

**COUNT II**

**(Negligence vs. Momentum Transport)**

17. Plaintiffs hereby incorporate and re-allege paragraphs 1 through 16 as if fully set forth herein.

18. Defendant, Momentum Transport, owed plaintiffs a duty of care in transporting said 2003 SRT-10 Dodge Vipor.

19. Defendant, Momentum Transport, breached said duty, thereby causing the plaintiffs to sustain substantial damages in connection with the repair and/or replacement of said 2003 SRT-10 Dodge Viper.

WHEREFORE, plaintiffs demand judgment against defendant, Momentum Transport, for a sum certain to give sufficient jurisdiction to this court, plus attorney's fees, interest and costs.

**COUNT III**

**(Breach of Contract vs. MAV Transport)**

20. Plaintiffs hereby incorporate and re-allege paragraphs 1 through 19 as if fully set forth herein.

21. Defendant, MAV Transport, contracted to transport said 2003 SRT-10 Dodge Vipor.

22. Defendant, MAV Transport, breached its contract, and as a result, plaintiffs have sustained substantial damages in connection with the repair and replacement of the 2003 SRT-10 Dodge Viper.

WHEREFORE, plaintiffs demand judgment against defendant, MAV Transport, for a sum certain to give sufficient jurisdiction to this court, plus attorney's fees, interest and costs.

**COUNT IV**

**(Negligence vs. MAV Transport)**

23. Plaintiffs hereby incorporate and re-allege paragraphs 1 through 22 as if fully set forth herein.

24. Defendant, MAV Transport, owed plaintiffs a duty of care in transporting said 2003 SRT-10 Dodge Vipor.

25. Defendant, MAV Transport, breached said duty, thereby causing the plaintiffs to sustain substantial damages in connection with the repair and/or replacement of said 2003 SRT-10 Dodge Viper.

WHEREFORE, plaintiffs demand judgment against defendant, MAV Transport, for a

sum certain to give sufficient jurisdiction to this court, plus attorney's fees, interest and costs.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL COUNTS HEREIN.**

Plaintiffs,
MICHAEL CAPARCO AND
PATRICIA CAPARCO
By its Attorneys,

_______________________
Girard R. Visconti, Esq. (#0566)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

Dated: 7/9/07