UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CAPARCO AND<br>PATRICIA CAPARCO,<br>Plaintiffs, | : | |
| v. | : | C.A. NO. 08-50S |
| MOMENTUM TRANSPORT AND<br>MAV TRANSPORT,<br>Defendants. | : | |

**ANSWER OF MOMENTUM TRANSPORT**

Defendant Momentum Transport ("Momentum") hereby responds to the Complaint filed by Plaintiffs Michael Caparco and Patricia Caparco (jointly, the "Caparcos") as follows:

**PARTIES**

1. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint and therefore denies same.

2. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint and therefore denies same.

3. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4. Denied.

5. Denied that Momentum has done and is doing business in the State of Rhode Island. The remainder of paragraph 5 of Plaintiffs' Complaint states a legal conclusion to which

no response is required. To the extent a response is required, Momentum denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint and therefore denies same.

7. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Complaint and therefore denies same.

**FACTS**

8. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint and therefore denies same.

9. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint and therefore denies same.

10. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint and therefore denies same.

11. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Complaint and therefore denies same. By way of further answer, in or about March of 2007, Momentum contracted with Hennessey Performance Engineering ("Hennessey") for the transport of a 2003 Dodge Viper (the

"Viper") from Fantastic Finishes in Cranston, Rhode Island to Hennessey's place of business in Houston, Texas.

12. Momentum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint and therefore denies same. By way of further answer, in or about March of 2007, Momentum subcontracted with MAV Transport ("MAV") to fulfill Momentum's obligations under its contract with Hennessey to transport the Viper from Fantastic Finishes in Cranston, Rhode Island to Hennessey's place of business in Houston, Texas.

13. Denied.

**COUNT I**
**(Breach of Contract vs. Momentum Transport)**

14. Momentum repeats and realleges its responses to paragraphs 1 through 13 as if fully set forth herein.

15. Admitted only that Momentum contracted with Hennessey for the transport the Viper. Denied that Momentum contracted with Plaintiffs.

16. Denied.

WHEREFORE, Momentum demands judgment against Plaintiffs on Count I of the Complaint, plus costs of this action.

**COUNT II**
**(Negligence vs. Momentum Transport)**

17. Momentum repeats and realleges its responses to paragraphs 1 through 16 as if fully set forth herein.

18. Denied.

19. Denied.

WHEREFORE, Momentum demands judgment against Plaintiffs on Count II of the Complaint, plus costs of this action.

**COUNT III**
**(Breach of Contract vs. MAV Transport)**

20.-22. The allegations in Count III of Plaintiffs' Complaint are not addressed to and do not seek relief from Momentum. Accordingly, no response from Momentum is required. To the extent a response is required, Momentum denies the allegations.

**COUNT IV**
**(Negligence vs. MAV Transport)**

23.-25. The allegations in Count IV of Plaintiffs' Complaint are not addressed to and do not seek relief from Momentum. Accordingly, no response from Momentum is required. To the extent a response is required, Momentum denies the allegations.

**AFFIRMATIVE AND OTHER DEFENSES**

Further answering and by way of affirmative and other defenses, Momentum alleges as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

If Plaintiffs sustained injuries or losses as alleged, such damages were caused solely by intervening and/or superseding causes, and not by any negligence on the part of Momentum.

**THIRD DEFENSE**

Plaintiffs' claims are preempted and/or limited by federal law.

**FOURTH DEFENSE**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having

real or apparent authority to take said actions on behalf of Momentum and over whom Momentum had no control and for whom Momentum may not be held liable.

**FIFTH DEFENSE**

Plaintiffs have failed to mitigate their damages, if any.

**SIXTH DEFENSE**

Plaintiffs' claims against Momentum are barred by lack of privity with Momentum.

**SEVENTH DEFENSE**

Plaintiffs are not statutorily, contractually or otherwise entitled to recoup costs and attorney's fees from Momentum in this action.

**EIGHTH DEFENSE**

Venue in this case is improper.

**NINTH DEFENSE**

This Court lacks personal jurisdiction over Momentum.

**TENTH DEFENSE**

Plaintiffs have elected their remedies and obtained judgment on the alleged contract. Therefore, Plaintiffs are precluded from recovering from Momentum in this action.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, acquiescence and laches.

**THIRTEENTH DEFENSE**

Plaintiffs' Complaint fails to join an indispensable party, namely, Hennessey Performance Engineering.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

**FIFTEENTH DEFENSE**

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Momentum to determine all of its legal, contractual and equitable rights, Momentum reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

WHEREFORE, Momentum respectfully requests that all Counts of the Complaint against it be dismissed, and that it be awarded its attorneys fees, costs, and such other relief that the Court deems appropriate.

**CROSS-CLAIMS AGAINST MAV TRANSPORT**

Defendant Momentum Transport ("Momentum" or "Cross-claimant") asserts the following cross-claims against MAV Transport ("MAV" or "Cross-claim defendant"):

**FACTS**

1. Momentum subcontracted with MAV to fulfill Momentum's obligations under a contract with Hennessey Performance Engineering to transport a 2003 Dodge Viper (the "Viper") from Fantastic Finishes in Cranston, Rhode Island to Hennessey's place of business in Houston, Texas (the "Subcontract").

2. Plaintiffs, who have not contracted with Momentum in any capacity, have alleged

in this action that Momentum breached a contract with the Plaintiffs for the transport of a 2003 SRT-10 Dodge Viper.

3. Plaintiffs also have alleged that they have sustained damages as a result of Momentum's negligence in transporting a 2003 SRT-10 Dodge Viper.

**COUNT I**
**(Contribution)**

4. Momentum repeats and realleges paragraphs 1 through 3 of its Cross-claim as if fully set forth herein.

5. To the extent Momentum is liable to Plaintiffs, MAV is responsible for any loss suffered by Plaintiffs. Therefore, MAV is liable in full to Momentum for any judgment entered against Momentum in this action.

WHEREFORE, in the event Momentum is found liable to the Plaintiffs in this action, Momentum seeks entry of judgment in its favor against MAV in the amount of its liability to the Plaintiffs, together with an award of attorneys' fees, costs, and such other relief as the Court deems appropriate.

**COUNT II**
**(Indemnification)**

6. Momentum repeats and realleges paragraphs 1 through 5 of its Cross-claim as if fully set forth herein.

7. To the extent that Momentum is liable to Plaintiffs for damages arising out of the purported motor vehicle accident involving Plaintiffs' 2003 SRT-10 Dodge Viper, Momentum is entitled to indemnification from MAV, as the 2003 SRT-10 Dodge Viper was in the care, custody and control of MAV at the time of the purported accident.

WHEREFORE, in the event Momentum is found liable to the Plaintiffs in this action,

Momentum seeks entry of judgment in its favor against MAV in the amount of its liability to the Plaintiffs, together with an award of attorneys' fees, costs, and such other relief as the Court deems appropriate.

MOMENTUM TRANSPORT
By its Attorneys,

/s/ Byron L. McMasters

Robert M. Duffy, Esq. (#4428)
Byron L. McMasters, Esq. (#7754)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Telephone)
(401) 455-0701 (Facsimile)
rduffy@duffysweeney.com
bmcmasters@duffysweeney.com

Dated: February 15, 2008

## CERTIFICATE OF SERVICE

I hereby certify that the within ***Answer of Momentum Transport*** was filed through the ECF system on the 15th day of February, 2008, and will be sent electronically to the counsel-named below who is a registered participant identified on the Notice of Electronic Filing:

Girard R. Visconti, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

/s/ Byron L. McMasters

*H:\Clients\Momentum Transport\Caparco\Pleadings\Answer.doc*