**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL CAPARCO AND PATRICIA CAPARCO** | : | |
| **V.** | : | **C.A. No. 08-50-S** |
| **MOMENTUM TRANSPORT AND MAV TRANSPORT** | : | |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

## INTRODUCTION

NOW COME the plaintiffs, Michael Caparco and Patricia Caparco (hereinafter "Caparcos" or "Plaintiffs"), and hereby move, pursuant to 28 U.S.C. § 1447(c) to remand the above-captioned case.

## PERTINENT FACTS & TRAVEL

Plaintiffs are and have been at all times relevant hereto residents of the City of Cranston, State of Rhode Island. The plaintiff, Patricia Caparco, is the titled owner of a 2003 SRT-10 Dodge Viper ("Viper"). In or about March of 2007, Plaintiffs arranged to transport the Viper from their residence in Cranston, Rhode Island to Texas in order to present the Viper at a car show. The defendant, Momentum Transport ("Momentum") was retained in order to facilitate the transport of the Viper from Rhode Island to Texas. Momentum, however, is apparently merely a broker, and therefore, Momentum hired the defendant, MAV Transport ("MAV") to supply the labor that would physically pick up and transport the vehicle. It is worth noting that both Momentum and MAV are Texas corporations.

On or about March 23, 2007, while in the custody of MAV employee(s), the Viper was

involved in a single car motor vehicle accident in Massachusetts in which the Viper was totally destroyed.

On July 9, 2007 plaintiffs filed a lawsuit in the Providence County Superior Court against Momentum and MAV alleging one count of breach of contract and one count of negligence as to each defendant. In accordance with R.I.G.L. § 9-1-30 , the complaint did not contain an ad damnum clause.

On August 3, 2007 Momentum filed a Rule 12(b) motion to dismiss the counts against it for lack of personal jurisdiction, with a hearing to take place on August 22, 2007. Plaintiffs requested that the hearing be continued to a later date so that they could conduct discovery relative to the particular issue of personal jurisdiction. As a result of significant delays in procuring said discovery responses from Momentum, the hearing on the motion to dismiss for lack of personal jurisdiction eventually took place on January 8, 2008. The motion was denied.

In the meantime, the second defendant, MAV, had failed entirely to respond to the complaint. Therefore, Plaintiffs had default entered on August 30, 2007. Subsequently, as per the Rhode Island Rules of Civil Procedure, Plaintiffs moved for and received a default judgment against MAV in the amount of $225,250.00 for compensatory damages, plus costs and statutory interest. Plaintiffs appeared before Mr. Justice Allen Rubine on November 30, 2007 and, upon making their proof of claim as to damages, Judge Rubine indeed granted default judgment. (Exhibit "A.")

Importantly, the undersigned certified that a copy of this judgment vis-a-vis MAV–indicating that Plaintiff's compensatory damages were determined to be $225,250.00–had been mailed on November 30, 2007 to, among others, legal counsel for Momentum. (Exhibit

"A.") As such, ***legal counsel on behalf of Momentum, the party now seeking to remove this case, first ascertained that the case is one which is or has been removable on or about <u>November 30, 2007</u> when he or she received a copy of the judgment against MAV indicating compensatory damages in the amount of $225,250.00.***

Momentum's notice of removal is dated February 14, 2008. Because Momentum first received notice that the case was capable of being removed on or about November 30, 2007, the time for removal had expired as of February 14, 2008 and therefore the instant case was untimely removed and should be remanded to the Providence County Superior Court.

Thereafter, relative to the default judgment against MAV, Plaintiff filed a motion in Superior Court for findings pursuant to Rhode Island Superior Court Rule 54(b) (such findings are mandated per the Superior Court Rules where multiple defendants exist and were not addressed at the November 30, 2007 hearing before Judge Rubine). That motion for Rule 54(b) findings was heard by Ms. Justice Savage on January 15, 2008, and, Judge Savage signed an ***amended*** judgment, again in the amount of $225,250.00, accounting for the Rule 54(b) findings. The amended judgment was signed by Judge Savage on January 17, 2008 and was certified and mailed to counsel for Momentum on or about that same day. (Exhibit "B.")

The distinction between the first, original default judgment entered against MAV by Judge Rubine shortly after the November 30, 2007 hearing and the second, amended default judgment entered by Judge Savage on or about January 17, 2008 is critical and serves as the basis for the underlying motion. It is this second, <u>***amended***</u> judgment, which Momentum now refers to as the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b). Momentum is

mistaken.

Rather, it is the judgment mailed to Momentum ***on or about November 30, 2007*** that represents the "pleading, motion, or other paper" from which Momentum first ascertained that this case was removable. The January 17, 2008 amended judgment simply reiterated the same information relative to the amount in controversy as was contained in the original. As such, Momentum's removal is untimely and the case should be remanded.

**STANDARD**

28 U.S.C. §1446(b) provides as follows: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." "The thirty day limitation mandated by §1446(b) has a dual purpose. On the one hand, it forecloses a defendant from adopting a 'wait and see' approach in the state court ... on the second hand, the statutorial requirement minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in the state court." Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1199 (D.R.I. 1986) (citations omitted). Further, "[t]he great weight of authority holds that, even if the statute is seen as modal rather than jurisdictional, 'the time limitation is mandatory and must be strictly applied and where a party fails to file a petition within the applicable time limits he is [thereafter] precluded from doing so.'" Id. (citations omitted).

"When removal is sought, the removing party bears the burden of proving that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper." Hunter

v. Greenwood Trust Co., 856 F. Supp. 207, 211 (D.N.J.1992) (citations omitted). It is significant that "the removal statutes are to be strictly construed against removal and all doubts are to be resolved in favor of remand." Id. (citations omitted).

## ARGUMENT

Momentum, in its notice of removal, suggests that removal is timely because it first was able to reasonably ascertain that the case was removable on or about January 17, 2008, the date on which Judge Savage entered the ***amended*** judgment against MAV in the amount of $225,250.00. Momentum's notice of removal, however, fails to mention that the aforesaid judgment was of the "amended" variety. Momentum, in fact, ignores entirely the judgment executed by Judge Rubine which was mailed to counsel for Momentum on or about November 30, 2007. (Exhibit "A.")

______It is evident from reviewing the procedural history of this case that Momentum and its counsel had reasonable notice as of November 30, 2007 that the claim for damages was in excess of $200,000. The original default judgment against MAV was certified and mailed to Momentum on or about November 30, 2007. (Exhibit "A.") It is this judgment that serves as the "amended pleading, motion, order or other paper" from which Momentum could reasonably have first "ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b). Accordingly, the thirty (30) day time requirement for removal began to run as of November 30, 2007 and Momentum's notice of removal dated February 14, 2008 is therefore untimely.

Momentum posits that receipt of the amended judgment containing a damage award of $225,250.00 serves as the basis for determining "reasonably and intelligibly" that the jurisdictional amount in controversy was exceeded, Smith v. Executive Fund Life Ins., 651 F.

Supp. 269, 270 (M.D. La. 1986). However, it is evident that the November 30, 2007 judgment contained precisely the same information vis-a-vis the amount in controversy, and therefore, it must serve as the same reasonable basis to resolve that the case was or is potentially removable.

The thirty (30) day statutorily-mandated window for removal thus began to run as of November 30, 2007 and Momentum's February 14, 2008 removal notice is untimely and the case should be remanded. Gorman v. Abbott Laboratories, 629 F. Supp. at 1199.

In addition, beyond receipt of a judgment referencing the amount in controversy, counsel for Momentum was also present at the November 30, 2007 hearing at which Judge Rubine granted Plaintiffs' motion for oral proof of claim and entered default judgment against MAV in the amount of $225,250.00 plus costs and interest. As such, it strains credulity that Momentum claims that it was neither reasonably nor intelligibly aware that the case was removal until January 17, 2008. (David L. Fine, Esq. Aff. at ¶ 3,4.) Therefore, Momentum's February 14, 2008 removal notice is untimely and the case should be remanded.

Lastly, Momentum has already filed a motion to dismiss for lack of personal jurisdiction in the state court. That motion was heard and was denied. Thus, substantial proceedings have taken place in state court and starting the case over in federal court would cause "delay and waste of resources." Gorman v. Abbott Laboratories, 629 F. Supp. at 1199. Consequently, Plaintiff respectfully requests that the Court grant its motion and enter an Order that the case be remanded.

**CONCLUSION**

For the above-referenced reasons, Plaintiff seeks entry of an Order remanding the instant matter to the Providence County Superior Court. Notice of removal must be filed within thirty

(30) days of receipt by the defendant of any paper which made it ascertainable that the case was removable. On or about November 30, 2007, Momentum received a judgment indicating that the amount of damages was $225,250.00. Moreover, Momentum was present at the very hearing wherein Plaintiffs presented a proof of claim of damages. Further, substantial proceedings have taken place in the state court. Therefore, Momentum's removal was and is untimely. Plaintiffs respectfully request that this Honorable Court grant their motion to remand and enter an Order in that regard.

Respectfully Submitted,
Plaintiffs,
Michael Caparco and Patricia Caparco,
By their Attorneys,

/s/ Girard R. Visconti, Esq.
***Visconti & Boren, Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 *Telephone*
(401) 421-9302
grv@viscontilaw.com

/s/ David L. Fine, Esq.
***Visconti & Boren, Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 *Telephone*
(401) 421-9302
dlf@viscontilaw.com

**CERTIFICATION**

The undersigned hereby certifies that this document has been filed electronically on this 25th day of February, 2008 and is available for viewing and downloading to the ECF registered counsel of record.

Robert M. Duffy
rduffy@duffysweeney.com

Bryon Lee McMasters
bmcmasters@duffysweeney.com

/s/ David L. Fine, Esq.

***Visconti & Boren, Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 *Telephone*
(401) 421-9302
dlf@viscontilaw.com