UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CAPARCO AND<br>PATRICIA CAPARCO,<br>Plaintiffs, | : | |
| v. | : | C.A. NO. 08-50S |
| MOMENTUM TRANSPORT AND<br>MAV TRANSPORT,<br>Defendants. | : | |

**DEFENDANT MOMENTUM TRANSPORT'S RULE 16 STATEMENT**

Pursuant to LR 16(c), Defendant, Momentum Transport ("Momentum"), submits this Pretrial Conference Statement. The Pretrial Conference is scheduled for March 14, 2008.

## A. FACTS

Momentum is a broker of vehicle transport services. In or about March of 2007, Momentum contracted with Hennessey Performance Engineering ("Hennessey") for the transport of a 2003 Dodge Viper (the "Viper") from Fantastic Finishes in Cranston, Rhode Island to Hennessey's place of business in Houston, Texas. Momentum subcontracted with Defendant MAV Transport ("MAV") to fulfill Momentum's obligations under its contract with Hennessey to transport the Viper. During its transport and solely within the care, custody and control of MAV, the Viper was damaged in a single-vehicle accident.

Plaintiffs Michael and Patricia Caparco initiated this action in Providence County Superior Court against Momentum and MAV for breach of contract and negligence. MAV failed to appear in the action, and the Caparcos obtained a judgment by default

against MAV for both breach of contract and negligence in the full amount of their claims. Momentum removed the action to this Court and answered the Caparcos' complaint, asserting a number of defenses to the complaint and cross-claims against MAV for indemnification and contribution.

**B. Momentum's Defenses and Elements of Proof**

1. Failure to State a Claim

Accepting as true all well-pleaded allegations of Plaintiffs' complaint, dismissal is appropriate where Plaintiffs fail to state a legally cognizable claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Barkan v. Dunkin' Donuts, Inc.*, 520 F. Supp.2d 333, 335 (D.R.I. 2007).

2. Intervening/Superseding Causes

A defendant is not liable in tort where the harm alleged was caused by intervening acts of others and/or superseding causes that were not reasonably anticipated, i.e. foreseeable, by defendant. *Gray v. Derderian*, 400 F. Supp.2d 415, 431 (D.R.I. 2005) (citing *Clements v. Tashjoin,* 92 R.I. 308, 168 A.2d 472, 474 (1961)).

3. Preemption

A plaintiff's state law causes of action are preempted by a federal regulatory scheme if Congress, either expressly or impliedly, intended that federal regulation supersede state law. *Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 369, 106 S.Ct. 1890, 1898-99, 90 L.Ed.2d 369 (1986).

4. Lack of Actual or Apparent Authority

To establish apparent authority under Rhode Island law, Plaintiffs must show that: (1) the principal manifestly consented to or knowingly permitted the agent to exercise the

principal's authority; (2) a third person knew of this fact and, acting in good faith, had reason to believe and actually did believe that the agent possessed such authority; and (3) in reliance on this appearance of authority, the third person changed his position and will be injured or suffer a loss if the act or transaction does not bind the principal. *See Bates v. Shearson Lehman Bros. Inc.*, 42 F.3d 79, 82 (1st Cir.1994)

5. Failure to Mitigate

A plaintiff fails to mitigate his damages arising out of an injury in breach of contract and/or tort if he does not exercise reasonable diligence and ordinary care in attempting to minimize damages. *Fleet Nat. Bank v. Anchor Media Television, Inc.*, 45 F.3d 546, 561 (1st Cir. 1995).

6. Lack of Privity

A plaintiff cannot maintain a claim for breach of contract unless he is a party to the contract or an intended third party beneficiary. *See Forcier v. Cardello,* 173 B.R. 973, 984-85 (D.R.I. 1994).

7. No Right to Fees and Costs

Plaintiffs have the burden of proving that there is a statutory, contractual and/or common law right to costs and fees in this action.

8. No Personal Jurisdiction

Plaintiffs bear the burden of proving that this Court has personal jurisdiction over Momentum by satisfying a three-prong test: (1) the claim underlying the litigation must directly arise out of, or relate to, defendant's forum-state activities; (2) defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's

laws and making the defendant's involuntary presence before the state's court foreseeable; and (3) the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable. *See Brian Jackson & Co. v. Eximias Pharmaceutical Corp.*, 248 F. Supp.2d 31, 35 (D.R.I. 2003).

9. Election of Remedies

A claim is barred by the doctrine of election of remedies where two or more causes of action are inconsistent with each other. "Inconsistency arises when the two modes of redress are such that asserting one necessarily negates or repudiates the other." *Silva v. Silva*, 122 R.I. 178, 183, 404 A.2d 829, 832 (1979).

10. Lack of Capacity/Standing

*See* Lack of Privity defense: A plaintiff cannot maintain a claim for breach of contract unless he is a party to the contract or an intended third party beneficiary. *See Forcier v. Cardello,* 173 B.R. 973, 984-85 (D.R.I. 1994).

11. Waiver, Estoppel, Acquiescence and Laches

A defendant asserting laches must show: (1) there was negligence on the part of the plaintiff that led to a delay in the prosecution of the case, and (2) the delay prejudiced the defendant. *See Fitzgerald v. O'Connell*, 120 R.I. 240, 386 A.2d 1384 (1978).

A plaintiff waives his claims where he voluntarily and intentionally relinquishes a known right by action or inaction. *See Corvello v. New England Gas Co., Inc.*, 243 F.R.D. 28, 34 (D.R.I. 2007).

Under the doctrine of equitable estoppel, a party may be precluded from enforcing an otherwise legally enforceable right because of previous actions of that party. *See Sturbridge Home Builders, Inc. v. Downing Seaport, Inc.*, 890 A.2d 58, 66 (R.I. 2005);

*Retirement Board of the Employees' Retirement System of Rhode Island v. DiPrete*, 845 A.2d 270, 284 (R.I. 2004).

12. Failure to Join Indispensable Party

A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined if, in that person's absence, the court cannot accord complete relief among existing parties. *See* Fed. R. Civ. P. 19(a). Generally, all parties to a contract which plaintiff claims was breached are indispensable parties. *See CP Solutions PTE, Ltd. v. General Elec. Co.*, 470 F.Supp.2d 151 (D. Conn. 2007).

13. Economic Loss Doctrine

Plaintiffs cannot recover in negligence for "purely economic losses," defined as the costs associated with repair or replacement. *See Gail Frances, Inc. v. Alaska Diesel Elec., Inc.*, 62 F. Supp.2d 511, 517 (D.R.I. 1999); *Boston Investment Property #1 State v. E.W. Burman, Inc.*, 658 A.2d 515, 517 (R.I.1995).

**C. Momentum's Cross-claims**

1. Contribution

In the event that Momentum is adjudged liable to Plaintiffs for damages to the Viper, it is entitled to contribution from MAV for the full amount of the damages. To prove contribution under Rhode Island law, Momentum must establish that MAV is liable in tort for the damages to the Viper. *See* R.I. Gen. Laws § 10-6-3; *Wilson v. Krasnoff*, 560 A.2d 335, 339 (R.I. 1989).

2. Indemnification

In the event that Momentum is adjudged liable to Plaintiffs for damages to the Viper, it is entitled to indemnification from MAV for the full amount of the damages. To prove indemnification under Rhode Island law, Momentum must establish that its liability, if any, to the Plaintiffs is solely the result of an act of MAV. *See DiMase v. Fleet Nat'l Bank,* 723 A.2d 765, 768 (R.I.1999).

MOMENTUM TRANSPORT
By its Attorneys,

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Byron L. McMasters, Esq. (#7754)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Telephone)
(401) 455-0701 (Facsimile)
rduffy@duffysweeney.com
bmcmasters@duffysweeney.com

Dated: March 7, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Rule 16 Statement*** was filed through the ECF system on the 7th day of March, 2008, and will be sent electronically to the counsel-named below who is a registered participant identified on the Notice of Electronic Filing:

Girard R. Visconti, Esq.
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903

/s/ Robert M. Duffy

*H:\Clients\Momentum Transport\Caparco\Pleadings\USDC RI\Rule 16 Statement.doc*